**In re the Marriage of Erline V. PERLSTEIN, petitioner, Respondent,**

v.

**Stanley B. PERLSTEIN, Appellant.**

**No. C2–84–820.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Michael J. Fitzgerald, Minneapolis, for respondent.

Norris J. Skogerboe, Minnetonka, for appellant.

Considered and decided by FORSBERG, P.J., and LANSING and SEDGWICK, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Respondent-Erline and appellant-Stanley Perlstein were married December 1974. This appeal is from the dissolution judgment entered December 1983. Appellant contests the trial court's award of permanent maintenance. We affirm.

## FACTS

Respondent is 61 years old and at the time of trial she had been unemployed for more than 30 years. She has no training beyond the 11th grade. Appellant is 50 years old. This marriage lasted nine years. Appellant was ordered to pay $600 per month permanent maintenance. The court ordered appellant to make all house payments, utility payments, taxes, etc. on the homestead until it was sold. His refusal to comply has resulted in foreclosure, with the possible result that petitioner will lose her $22,000 share of the equity in the parties' principal asset.

## ISSUE

Did the trial court abuse its discretion in awarding permanent maintenance?

## ANALYSIS

The authority of the court to award maintenance is governed by Minn.Stat. § 518.552 (1982).

The court considered this statute when it found:

That the petitioner is not now employed and has not been employed during the marriage. That her last employment was over 30 years ago and the petitioner has no employable skills. That the petitioner suffers from hypertension and osteoarthritis rendering her unemployable as is more fully set out in the reports of Dr. Robert E. Colson * * *.

The court ordered that upon sale of the homestead, the appellant "shall pay to petitioner the sum of $600.00 per month * * * to continue until the remarriage or death of the Petitioner."

Appellant argues that the issue of medical disability was not raised by the pleadings or substantiated by the record. The court's finding, however, is not confined to medical disability, but rather addresses the factors set forth in Minn.Stat. 518.552, subds. 1 and 2. Health of the parties is a consideration in maintenance.

Minn.Stat. § 518.552, subd. 2(e). It is not an abuse of discretion to find that a 61 year old woman who did not finish high school, has health problems, has no training for any kind of employment, has no driver's license, and who has not worked in more than 30 years, is unemployable. The wife's total property award was $31,750, the husband's $35,500. But $22,000 of the wife's award is the homestead equity which will likely be lost because of appellant's refusal to comply with the court's order. His property award included his profit sharing plan worth $44,000, less his obligation to pay $12,500 in debts.

Appellant's net yearly income of $30,000 leaves him ample monies to provide for his needs and pay her $600 per month. His net monthly income is $2,400. When his $950 monthly expenses and the $600 maintenance obligation are deducted, he still has $850 net per month discretionary income.

She, on the other hand, will be entitled to $360 per month social security as a widow's pension because of her first husband's death. This, together with the $600 maintenance will about equal her monthly expenses.

## DECISION

The court did not abuse its discretion in awarding permanent maintenance. We affirm.